USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
QUAVON CONNOR,
                               Plaintiff,

          -against-

N.Y.C. D.O.C. COMM. CYNTHIA BRANN, et al.,
                               Defendants.
------------------------------------------------------------X

17 Civ. 9560 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights in connection with allegedly unconstitutional conditions of confinement;

WHEREAS, Plaintiff was incarcerated at the Eric M. Taylor Center ("EMTC") on Rikers Island, residing in the 7 Lower housing area;

WHEREAS, the Complaint alleges as follows: while Plaintiff was incarcerated at EMTC, asbestos was discovered in the 7 Lower housing area. After this discovery, Defendants failed to relocate Plaintiff to a different housing area. As a result of Defendants' failure to relocate Plaintiff, Plaintiff is at an elevated risk of developing asbestos-related conditions such as mesothelioma, tonsillitis, and lung cancer. Plaintiff seeks damages and injunctive relief.

WHEREAS, Defendants are Cynthia Brann, the Commissioner of the New York Department of Correction; Kisa Smalls, the Warden of EMTC; Deputy Bailey, Deputy Warden of Security; and Captain Skupien, 7 Lower Housing Area Supervisor. The Complaint rests liability on their "responsib[ility] for my care, custody, and control . . . and responsibility to provide safe living conditions."

WHEREAS, on July 9, 2018, Defendants filed a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

WHEREAS, a document filed pro se is to be liberally construed, and a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). Where a plaintiff litigates pro se, "we read his papers liberally and interpret them to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 (2d Cir. 2013) (internal quotation marks omitted). Although Plaintiff has not opposed Defendants' motion, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000); *accord Roy v. Law Offices of B. Alan Seidler, P.C.*, 284 F. Supp. 3d 454, 457 (S.D.N.Y. 2018).

WHEREAS, the Complaint does not specify the precise cause of action it asserts, but reading the Complaint to raise the strongest arguments it suggests, it is best interpreted as raising claims under 42 U.S.C. § 1983. In order to succeed on a claim under § 1983, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808

F.3d 961, 964 (2d Cir. 2015) (internal quotation marks omitted).

WHEREAS, Plaintiff claims that in failing to take action in response to the discovery of asbestos, Defendants deprived Plaintiff of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks (1) pain and suffering damages of $25,000 from each of the four defendants, (2) emotional stress and mental anguish damages of $25,000 from each of the four defendants, (3) punitive damages of $50,000 from each of the four defendants and (4) "the immediate closing and evacuation of all inmates."

For the reasons stated below, it is hereby **ORDERED** that Defendants' motion to dismiss is granted.

Plaintiff's claims for "pain and suffering damages" and "emotional stress and mental anguish damages" are barred by the Prison Litigation Reform Act, under which "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Complaint fails to allege any physical injury associated with Plaintiff's asbestos exposure; indeed, the "Injuries" section of the Complaint states only that Plaintiff suffers from the *future risk* of developing asbestos-related illnesses.

Plaintiff's claim for punitive damages is also barred. Plaintiff seeks to impose liability on Defendants in their individual capacities, i.e., impose personal or individual liability on each Defendant. *See Patterson v County of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (explaining liability in "individual capacity"). But a § 1983 plaintiff must plead "a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity." *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir 2016) (internal quotation marks omitted). The Complaint, which alleges only that Defendants had a responsibility to

provide for Plaintiff's safe living conditions, is insufficient. The Complaint fails to allege the personal involvement of any Defendant as required to plead a sufficient claim.

Finally, Plaintiff's claim for equitable relief is moot. "In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011). Since the commencement of this action, Plaintiff has been transferred out of EMTC and is currently incarcerated at the Greene Correctional Facility in Coxsackie, New York.

\* \* \* \*

For all of the foregoing reasons, Defendants' motion to dismiss is GRANTED. Should Plaintiff wish to attempt to correct his deficient pleading and allege facts showing the personal knowledge and involvement of any Defendant, he shall do so by filing a Proposed Amended Complaint no later than November 5, 2018, which the Court will construe as a motion to file an amended complaint. If he does not do so, the case will be closed.

The Clerk of Court is directed to close the motion at Docket Number 25, enter judgment in favor of Defendants, close the case and mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: October 5, 2018
      New York, New York

                                                    LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE